UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND


ARTHUR J. TOEGEMANN,                    :
                    Plaintiff,          :
                                        :
        v.                              :       CA 11-399 M
                                        :
GUIDANCE ASSOCIATED, INC.,              :
MELVYN JOHNSON, M.D.,                    :
ROBERT JORDAN, A.C.S.W.,                 :
UNITED STATES SELECTIVE SERVICE         :
SYSTEM,                                 :
                    Defendants.          :


**REPORT AND RECOMMENDATION**

**FOR DISMISSAL AND TO BAR FURTHER FILINGS**

David L. Martin, United States Magistrate Judge


        Before the Court is the Application to Proceed without
Prepayment of Fees and Affidavit (Docket ("Dkt.") #2)
("Application") filed by Plaintiff Arthur J. Toegemann
("Plaintiff"). Because I conclude that the Application should be
denied, it is addressed by way of this Report and Recommendation.
See Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir.
2005)(explaining that because denial of a motion to proceed in
forma pauperis is the functional equivalent of an involuntary
dismissal, a magistrate judge should issue a report and
recommendation for a final decision by the district court).

**Discussion**

        Plaintiff alleges in his Complaint (Dkt. #1) that Defendant
U.S. Selective Service System ("Selective Service") has refused to

correct his classification "from 4F to Conscientious Objector ...," Complaint, Count 1, and that in 1972 Defendants Guidance Associated, Inc., Melvyn Johnson, M.D., and Robert Jordan, A.C.S.W. (collectively "Non-Federal Defendants"), maliciously misrepresented Plaintiff to the U.S. Selective Service as mentally ill because he protested the war in Vietnam, id., Counts 3, 5, 6. Plaintiff additionally alleges that Robert Jordan misled Plaintiff regarding his application to register as a conscientious objector. Id., Count 4. In his prayer for relief, Plaintiff seeks monetary damages from the Non-Federal Defendants and demands that the Selective Service amend his Selective Service record. See Complaint, prayer for relief.

These claims are the same or nearly the same as claims which Plaintiff has previously made. See Arthur J. Toegemann v. Guidance Associated, Inc., et al., CA 94-0132 ML ("Toegemann I"), Memorandum and Order of 10/4/94 (Lisi, J.) at 3 (stating that Plaintiff "asks for a correction to his Selective Service and medical records"); Arthur J. Toegemann v. Guidance Associated, Inc., et al., CA 08-022 ML ("Toegemann II"), Report and Recommendation of 2/6/08 (Martin, M.J.) at 2 (noting that Plaintiff "further alleges that the Selective Service has refused to correct his classification[1]");

---

[1] In a footnote, the Court stated:

It appears that the classification which Plaintiff is seeking to change is that of "conscientious objection." Complaint, Count 1 ¶ 7; see also id. ("The US Selective Service System's status of 'conscientious objection' is inadequate, causing me

<u>Arthur J. Toegemann v. Selective Service United States</u>, CA 09-376

ML ("<u>Toegemann III</u>"), Report and Recommendation of 8/25/09 (Martin,

M.J.) at 3 (stating that "Plaintiff's claim is essentially the same

as the claim which he asserted in <u>Toegemann I</u> and <u>Toegemann II</u>").

<u>Toegemann I</u> was dismissed on October 4, 1994, by District (now

Chief) Judge Mary M. Lisi.  <u>See</u> <u>Toegemann I</u>, Memorandum and Order

of 10/4/94.  In a Memorandum and Order issued on that date, Judge

Lisi dismissed Plaintiff's claim against the Selective Service

because he had not filed an administrative claim with the Selective

Service as required by 28 U.S.C. § 2675(a).[2]  <u>See</u> <u>id.</u> at 5.

<u>Toegemann II</u> was dismissed on March 4, 2008, when Judge Lisi

adopted this Magistrate Judge's Report and Recommendation of 2/6/08

which found that Plaintiff's claims were essentially the same as

those he had asserted in <u>Toegemann I</u>.  <u>See</u> <u>Toegemann II</u>, Order of

3/4/08; <u>see also</u> <u>id.</u>, Report and Recommendation of 2/6/08 at 3

("Because Plaintiff's claims are essentially the same as the claims

which he asserted in <u>Toegemann I</u>, his Complaint fails to state a

claim upon which relief can be granted.")(footnote omitted).

---

to suffer psychological injury, specifically, social
withdrawal, disorientation, isolation, arrested development
and defamation.").

<u>Toegemann II</u>, Report and Recommendation of 2/6/08 at 2 n.2.

[2] Judge Lisi also dismissed Plaintiff's claims against the non-
federal defendants pursuant to Fed. R. Civ. P. 12(b)(1) for lack of
subject matter jurisdiction because the claims against them were state
tort claims and the Court had dismissed the only federal claim in the
action.  <u>Toegemann I</u>, Memorandum and Order of 10/4/94 at 6.

Toegemann III was dismissed on September 11, 2009, when Judge Lisi adopted this Magistrate Judge's Report and Recommendation of 8/25/09 which found that Plaintiff's claims were essentially the same as those he had asserted in Toegemann I and Toegemann II and that, therefore, his complaint failed to state a claim upon which relief could be granted. See Toegemann III, Order of 9/11/09; see also id., Report and Recommendation of 8/25/09 at 3 ("Because Plaintiff's claim is essentially the same as the claim which he asserted in Toegemann I and Toegemann II, his Complaint fails to state a claim upon which relief can be granted.").

Because Plaintiff's claims here are again essentially the same as the claims he asserted in Toegemann I, Toegemann II, and Toegemann III, his Complaint fails to state a claim upon which relief can be granted. Accordingly, his Application should be denied, and the action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).[3] I so recommend.

In addition, because this is now the fourth such action which

---

[3] In relevant part, 28 U.S.C. § 1915(e) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> > (A) the allegation of poverty is untrue; or
> > (B) the action or appeal--
> > > (i)   is frivolous or malicious;
> > > (ii)  **fails to state a claim on which relief may be granted**; or
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (bold added).

Plaintiff has filed regarding this matter, I further recommend that he be prohibited from filing any further complaints regarding these claims without first obtaining permission from a judge of this Court.

## Conclusion

Because Plaintiff's claims are essentially the same as the claims which he asserted in <u>Toegemann I</u>, <u>Toegemann II</u>, and <u>Toegemann III</u>, his Complaint fails to state a claim upon which relief can be granted. Accordingly, his Application should be denied, and the action should be dismissed pursuant to U.S.C. § 1915(e)(2). I so recommend. I further recommend that Plaintiff be prohibited from filing any further complaints regarding this matter without first obtaining permission from a judge of this Court.

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. <u>See</u> Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).

**/s/ David L. Martin**
DAVID L. MARTIN
United States Magistrate Judge
September 13, 2011