UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ARTHUR J. TOEGEMANN,               :
                Plaintiff,          :
                                    :
    v.                              :        CA 11-399 M
                                    :
GUIDANCE ASSOCIATED, INC.,          :
MELVYN JOHNSON, M.D.,               :
ROBERT JORDAN, A.C.S.W.,            :
UNITED STATES SELECTIVE SERVICE     :
SYSTEM,                             :
                Defendants.         :


**REPORT AND RECOMMENDATION**

**IN RESPONSE TO ORDER OF OCTOBER 20, 2011**

David L. Martin, United States Magistrate Judge


    This matter has been returned to this Magistrate Judge pursuant to Fed. R. Civ. P. 72(b)(3) with instructions from District Judge John J. McConnell, Jr. <u>See</u> Order (Docket ("Dkt.") #6) ("Order of 10/20/11"). Specifically, this Magistrate Judge has been directed to consider whether Plaintiff's correspondence with the United States Selective Service System ("Selective Service") "satisfies 28 U.S.C. § 2675;[1] and, if so, further evaluate whether

---

    [1] 28 U.S.C. § 2675 provides in relevant part:

    (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.** The failure of an agency to make final

the Complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)."
Order of 10/20/11 at 2.  This Report and Recommendation addresses
these matters.

## I.  Satisfaction of 28 U.S.C. § 2675

With respect to the question of whether "Plaintiff's
correspondence with the Selective Service satisfies 28 U.S.C. §
2675," id., the First Circuit has stated that "as long as the
language of an administrative claim serves due notice that the
agency should investigate the possibility of particular
(potentially tortious) conduct and includes a specification of the
damages sought, it fulfills the notice-of-claim requirement,"
Ramírez-Carlo v. United States, 496 F.3d 41, 46-47 (1st Cir. 2007);
see also Greene v. United States, C.A. No. 10-246 ML, 2011 WL
116829, at *2 (D.R.I. Jan. 13, 2011)("Section 2675 requires that
the potential plaintiff give notice to the government of the nature
of the claim and the damages requested.")(quoting Santiago-Ramirez
v. Sec'y of Dept. of Defense, 984 F.2d 16, 18 (1st Cir. 1993)).  The
Court applies this standard to Plaintiff's correspondence.

To the extent that "Plaintiff's correspondence with the

----

disposition of a claim within six months after it is filed
shall, at the option of the claimant any time thereafter, be
deemed a final denial of the claim for purposes of this
section.  The provisions of this subsection shall not apply to
such claims as may be asserted under the Federal Rules of
Civil Procedure by third party complaint, cross-claim, or
counterclaim.

28 U.S.C. § 2675(a)(bold added).

Selective Service," Order of 10/20/11 at 2, refers only to the emails which are attached as Exhibit ("Ex.") A to Plaintiff's Complaint, such emails do not satisfy the notice requirement of § 2675 because they fail to give notice of what Plaintiff's claim is and the damages he seeks. See Greene, 2011 WL 116829, at *2. One email refers to Plaintiff's "administrative claim[] which was received by this agency on November 6, 2009 ...," Complaint, Ex. A (email from Sanchez to Plaintiff of 10/4/10 at 08:48), but the contents of this administrative claim are not reflected in the emails. Therefore, the emails by themselves do not satisfy notice requirement of § 2675.

To the extent that "Plaintiff's correspondence," Order of 10/20/11 at 2, includes not only the emails but also the administrative claim received by the Selective Service on November 6, 2009 (the "11/6/09 Administrative Claim"), such correspondence could satisfy § 2675 if the contents of the 11/6/09 Administrative Claim provide notice of what Plaintiff's claim is and the damages he is seeking. See Greene, 2011 WL 116829, at *2; see also Ramírez-Carlo, 496 F.3d at 46-47. Making this determination, however, requires an examination of the contents of the 11/6/09 Administrative Claim, and that document is not in the present record.

In summary, the emails which Plaintiff has attached to his Complaint as Ex. A do not by themselves satisfy 28 U.S.C. § 2675.

The emails plus the 11/6/09 Administrative Claim could satisfy the statute depending upon the contents of the latter document, but those contents are not discernable from the present record.

## II. **Failure to State Claim** – **Statute of Limitations**

Even assuming that the 11/6/09 Administrative Claim satisfies "the notice-of-claim requirement," Ramírez-Carlo, 496 F.3d at 47, Plaintiff's Complaint still fails to state a claim upon which relief may be granted because it is barred by the statute of limitations, see Logan v. Wilkins, 644 F.3d 577, 582 (7th Cir. 2011) ("[W]hen the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); Smith v. Veterans Admin., 636 F.3d 1306, 1313 (10th Cir. 2011) (citing "the long standing rule that '[i]f the allegations ... show that relief is barred by the applicable statutes of limitations, the complaint is subject to dismissal for failure to state a claim'")(quoting Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910 (2007))(alterations in original); see also Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991)("a complaint which states a claim that appears to have expired under the applicable statute of limitations may be dismissed as frivolous"); Delman v. Fed. Prods. Corp., 251 F.2d 123, 125 (1st Cir. 1958)(noting dismissal by district court of complaint for failure to state a claim upon which relief could be granted where the action was barred by the statute of limitations).

Reading Plaintiff's *pro se* Complaint (Dkt. #1) generously, <u>see</u> <u>de Aza-Paez v. United States</u>, 343 F.3d 552, 553 (1st Cir. 2003) (noting "the court's obligation to read pro se complaints generously"), he appears to allege that the Selective Service has refused to correct his classification "from 4F to Conscientious Objector ...," Complaint, Count 1 ¶ 7, and that in 1972 Defendants Guidance Associated, Inc., Melvyn Johnson, M.D., and Robert Jordan, A.C.S.W. (collectively "the Non-Federal Defendants"), maliciously misrepresented Plaintiff to the Selective Service as mentally ill because he protested the war in Vietnam, <u>id.</u>, Counts 3, 5, 6. Plaintiff additionally alleges that in 1970 Robert Jordan misled Plaintiff regarding his application to register as a conscientious objector. <u>Id.</u>, Count 4. In his prayer for relief, Plaintiff seeks monetary damages from the Non-Federal Defendants, <u>see</u> Complaint at 3, "just compensation" from the Selective Service, <u>id.</u> at 4, and amendment of his Selective Service record, <u>id.</u> at 3.

The Selective Service is an agency of the United States, <u>Minnesota Pub. Interest Research Grp. v. Selective Serv. Sys.</u>, 557 F.Supp. 925, 926 (D. Minn. 1983); <u>Hodge v. Rostker</u>, 501 F.Supp. 332, 333 (D.D.C. 1980), and the United States may not be sued without its consent, <u>United States v. Mitchell</u>, 463 U.S. 206, 212, 103 S.Ct. 2961 (1983); <u>Merlonghi v. United States</u>, 620 F.3d 50, 54 (1st Cir. 2010); <u>Commonwealth of Puerto Rico v. United States</u>, 490 F.3d 50, 57 (1st Cir. 2007)("It is long settled law that, as an

5

attribute of sovereign immunity, the United States and its agencies may not be subject to judicial proceedings unless there has been an explicit waiver of that immunity.").

To the extent that Plaintiff is seeking money damages from the Selective Service, his claim would appear to be governed by the Federal Tort Claims Act ("FTCA").  See Román-Cancel v. United States, 613 F.3d 37, 41 (1st Cir. 2010)("In the FTCA, 28 U.S.C. §§ 1346(b), 2671-2680, Congress waived the government's sovereign immunity with respect to private tort actions.").  The waiver of sovereign immunity provided by the FTCA, however, is limited by Congress' incorporation into the FTCA of a series of fixed time limits.  Id.  "The limitations period prescribed in the FTCA constitutes a condition of the immunity waiver, and its expiration extinguishes any potential governmental liability."  Id.

> The time limits for FTCA actions have more than one
> dimension.  A tort claim against the United States "shall
> be forever barred unless it is presented in writing to
> the appropriate federal agency within two years after
> such claim accrues or unless action is begun within six
> months after the date of mailing ... of notice of final
> denial of the claim by the agency to which it was
> presented."  28 U.S.C. § 2401(b).  These temporal
> parameters are strictly construed in favor of the
> sovereign.

Román-Cancel, 613 F.3d at 41 (alteration in original); cf. Donahue v. United States, ___ F.3d ___, 2011 WL 4599817, at *1 (1st Cir. Oct. 6, 2011)("Whether the federal courts even have jurisdiction over the claim depends upon the timely filing of an administrative notice of claim.").

6

For FTCA purposes, a claim accrues upon the occurrence of the underlying injury. Román-Cancel, 613 F.3d at 43. This moment is pinpointed at the time the injured party knows of the existence and the cause of his injury. Id. Something less than full knowledge suffices to start the running of the FTCA limitations period. Id.; see also Ramírez-Carlo, 496 F.3d at 46 ("The general rule is that a tort claim accrues at the time of the plaintiff's injury. However, under the well-established 'discovery rule' exception, a claim accrues when the plaintiff discovers, or should have discovered, the factual basis for the cause of action.")(citations omitted).

It is clear that here Plaintiff knew of his injury and its cause, at the very latest, by the time he filed his complaint in Arthur J. Toegemann v. Guidance Associated, Inc., et al., CA 94-132 ML ("Toegemann I") in 1994. See Toegemann I, Memorandum and Order (Lisi, J.) at 2-3 (Facts). The claims asserted in Toegemann I are essentially the same as the claims asserted in the instant Complaint. In Toegemann I the Court noted that Plaintiff had "never applied to the Selective Service for a change in his classification," id. at 2, and dismissed the United States as a defendant because Plaintiff had failed to file an administrative claim with the Selective Service, id. at 5. Plaintiff's 11/6/09 Administrative Claim was filed more than fifteen years after the filing of his complaint in Toegemann I. This is far beyond the two

year period mandated by 28 U.S.C. § 2401(b).  Accordingly, any
claim Plaintiff has under the FTCA for monetary damages is barred
by the statute of limitations because he did not present his tort
claim to the Selective Service within two years after the claim
accrued.[2]

To the extent that Plaintiff is seeking nonmonetary relief
from the Selective Service, his claim would appear to be governed
by the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706;[3]

---

[2]  Plaintiff now claims that his "psychiatric disability,"
Plaintiff's Objection to Magistrate's Dismissal (Dkt. #4) at 2, postpones
the running of the statute of limitations, see id.  Thus, Plaintiff's
position appears to be that he was not mentally ill in 1972 when Dr.
Johnson reported to the Local Board that he had been hospitalized at
Butler Hospital for "schizoid personality disorder," Complaint, Ex. F
(Letter from Johnson to Rhode Island Local Board No. 7 of 7/27/72), "of
a long duration," id., but that he became mentally ill thereafter and
remained so for many years, thereby tolling the statute of limitations
on both his state and federal claims.  Even if this scenario is true, the
allegations of Plaintiff's Complaint (as supported by the attached
exhibits) on their face show that there was "a basis in fact" for his
classification as 4-F.  Consequently, this Court has no jurisdiction to
review Plaintiff's classification for the reasons explained in Section
III. of this Report and Recommendation.

[3] 5 U.S.C. § 702 provides in relevant part:

A person suffering legal wrong because of agency action ... is
entitled to judicial review thereof.  An action in a court of
the United States seeking relief other than money damages and
stating a claim that an agency or an officer or employee
thereof acted or failed to act in an official capacity or
under color of legal authority shall not be dismissed nor
relief therein be denied on the ground that it is against the
United States or that the United States is an indispensable
party.

5 U.S.C. § 702.  The First Circuit has stated that:

This waiver is for "'all equitable actions for specific
relief against a Federal agency or officer acting in an
official capacity,'" Trudeau v. Fed. Trade Comm'n, 456 F.3d
178, 186 (D.C. Cir. 2006)(quoting Sea-Land Serv., Inc., v.

8

see also Complaint, Count 1 ¶ 6 (stating that "[j]urisdiction is alleged under Title 28, § 1331 Federal question; and Administrative Appeal").  The statute of limitations for the APA is six years.  Narragansett Elec. Co. v. U.S. Envtl. Prot. Agency, 407 F.3d 1, 5 (1st Cir. 2005)(noting that "the standard statute of limitations for APA actions is six years"); Trafalgar Capital Assocs., Inc. v. Cuomo, 159 F.3d 21, 34 (1st Cir. 1998)("A complaint under the APA for review of an agency action is a civil action that must be filed within the six year limitations period set forth in 28 U.S.C. § 2401(a).[4]").  "A claim under the APA accrues when the agency has taken final action which depends on 'whether the agency has

Alaska R.R., 659 F.2d 243, 244 (D.C. Cir. 1981)), and thus "'applies to any suit whether under the APA or not.'" Id. at 186 (D.C. Cir. 2006)(quoting Chamber of Commerce v. Reich, 74 F.3d 1322, 1328 (D.C. Cir. 1996)); see also Hostetter v. United States, 739 F.2d 983, 985 (4th Cir. 1984)("In section 702 Congress has waived the defense of sovereign immunity in such nonstatutory review cases in which nonmonetary relief is sought ...."); Jaffee v. United States, 592 F.2d 712, 719 (3d Cir. 1979)("By waiving sovereign immunity in suits for 'relief other than money damages,' the Congress sought to 'facilitate nonstatutory judicial review of Federal administrative action ....'" (citation omitted)).

Commonwealth of Puerto Rico v. United States, 490 F.3d 50, 57-58 (1st Cir. 2007).

⁴ 28 U.S.C. § 2401(a) states:

Except as provided by chapter 71 of title 41, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

28 U.S.C. § 2401(a).

completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties.'" Barnes v. Babbitt, 329 F.Supp.2d 1141, 1158 (D. Ariz. 2004)(quoting Franklin v. Mass., 505 U.S. 788, 797, 112 S.Ct. 2767 (1992)); see also Harris v. F.A.A., 215 F.Supp.2d 209, 212 (D.D.C. 2002) ("Pursuant to the APA, a cause of action first accrues when a plaintiff may challenge a final agency action in court.")(citing 5 U.S.C. § 704). This Court has previously determined that "[t]he last reclassification occurred on September 1, 1972 when Toegemann received 4-F status, thus, disqualifying him from military service." Toegemann I, Memorandum and Order of 10/4/94 (Lisi, J.) at 2. Even making the most generous of allowances for the slow speed with which bureaucratic wheels may turn, it can be safely stated that the Selective Service completed its "decisionmaking process," Franklin, 505 U.S. at 797, regarding Plaintiff's classification by, at the very latest, the end of the nineteen-seventies. Plaintiff's Complaint was filed on September 6, 2011. See Dkt. Accordingly, any claim Plaintiff may have pursuant to the APA is barred by the APA's six year statute of limitations.

III. **Lack of Subject-Matter Jurisdiction**

Even if Plaintiff's claims were not barred by the statute of limitations, this Court has no jurisdiction to review his classification based on the allegations of the Complaint. "Judicial review of Selective Service classifications is extremely

limited, the range of review being the narrowest known to the law."
United States v. Turcotte, 487 F.2d 417, 419 (5th Cir. 1973)(citing
Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423 (1946)).
"On review of a selective service classification the sole question
for the court is whether 'a basis in fact' exists for the
classification given."  Bates v. Commander, First Coast Guard
Dist., 413 F.2d 475, 477 (1st Cir. 1969).

Here Plaintiff alleges that he was classified 4-F based on
medical information provided to the Selective Service by Dr. Melvyn
Johnson.  See Complaint, Count 3; id., Ex. F (Letter from Johnson
to Rhode Island Local Board No. 7 of 7/27/72); id., Ex. G (Butler
Hospital Discharge Summary reflecting a final diagnosis of
"Schizophrenia, chronic undifferentiated 295.90").  Thus,
Plaintiff's allegations on their face show that there was "a basis
in fact" for his classification as 4-F.  Accordingly, this Court
has no jurisdiction to review that classification.  See Estep, 327
U.S. at 122-23 (**The decisions of the local boards made in
conformity with the regulations are final even though they may be
erroneous.**  The question of jurisdiction of the local board is
reached only if there is no basis in fact for the classification
which it gave the registrant.")(bold added); Evans v. Local Bd. No.
73, Sherman, Cheyenne, Wallace Cntys., Goodland, Kan., 425 F.2d
323, 327 (10th Cir. 1970)(affirming dismissal for want of
jurisdiction lawsuit challenging local draft board's action in

reclassifying plaintiff from II-S to I-A); <u>United States v.
Burnett</u>, 115 F.Supp. 141, 144 (W.D. Mo. 1953)("If there is any
basis for the classification of a registrant, the court has no
jurisdiction to change it.")(citing <u>Estep</u> and <u>Cox v. United States</u>,
332 U.S. 442, 68 S.Ct. 115 (1947)); <u>see also</u> <u>United States v.
Willson</u>, 452 F.2d 529, 532 (9th Cir. 1971)("The Supreme Court has
made it clear that the scope of review by the federal courts of
classifications by local boards is very narrow; that the courts are
not to act as super draft boards, nor are they to search the
records to determine whether the classifications are supported by
substantial evidence."); <u>Brown v. Laird</u>, 329 F.Supp. 242, 244 (E.D.
Pa. 1971)("In selective service classification cases the scope of
review is limited to a review of the record to ascertain if there
was 'a basis in fact' for the board's determination.")(quoting,
among other cases, <u>Estep</u>, 327 U.S. at 122); <u>Morin v. Grade</u>, 301
F.Supp. 614, 618-19 (W.D. Wis. 1969)("Thus, if there is any factual
evidence to support a Selective Service classification, a federal
court will not reverse that classification.").

The First Circuit has held that "[w]hether the complaint
states a cause of action on which relief could be granted is a
question of law [which] must be decided after and not before the
court has assumed jurisdiction over the controversy." <u>Deniz v.
Municipality of Guaynabo</u>, 285 F.3d 142, 149 (1st Cir. 2002)(quoting
<u>Bell v. Hood</u>, 327 U.S. 678, 682, 66 S.Ct. 773 (1946))(second

alteration in original).  Applying this law, Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.[5]

## IV.  State Law Claims

Because Plaintiff's federal claim against the Selective Service is time-barred and subject-matter jurisdiction is lacking, this Court also is without jurisdiction to hear and determine his state law claims against the Non-Federal Defendants. See Newman v. Burgin, 930 F.2d 955, 963 (1st Cir. 1991)("The power of a federal court to hear and to determine state-law claims in nondiversity cases depends upon the presence of at least one 'substantial' federal claim in the lawsuit."); cf. Ruiz-Sulsona v. Univ. of Puerto Rico, 334 F.3d 157, 161 (1st Cir. 2003)("As a general rule, where the district court dismisses the federal claims before trial, the court should dismiss the state law claims without prejudice."). Accordingly, Plaintiff's state law claims should also be dismissed for lack of jurisdiction.  I so recommend.

---

[5] The Eleventh Circuit has held that "[a] complaint is subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim.'"  Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)). Here Plaintiff's allegations on their face show an affirmative defense which bars recovery (i.e., lack of subject-matter jurisdiction).  See Mich. S. R.R. v. Branch & St. Joseph's Cntys. Rail Users Ass'n, 287 F.3d 568, 573 (6th Cir. 2002)("Lack of subject matter jurisdiction is an affirmative defense ....").  Thus, Plaintiff's Complaint would also be subject to dismissal under this procedural approach.

## V.  Summary

To the extent that "Plaintiff's correspondence with the Selective Service ...," Order of 10/20/11 at 2, refers to the emails which Plaintiff has attached to his Complaint as Ex. A, those emails by themselves do not satisfy 28 U.S.C. § 2675 because they fail to give notice of what Plaintiff's claim is and the damages he seeks.  The emails plus the 11/6/09 Administrative Claim could satisfy the statute depending upon the contents of the latter document, but it is not part of the present record.  However, even if the emails and the 11/6/09 Administrative Claim together satisfy the requirements of 28 U.S.C. § 2675, Plaintiff's federal claim, whether pursuant to the FTCA or the APA, is still barred by the applicable statute of limitations.  Moreover, the Court lacks subject-matter jurisdiction over Plaintiff's federal claim because his Complaint demonstrates that the Selective Service had a factual basis to classify him as 4-F, and, therefore, judicial review of that determination is precluded.

Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted because his claim against the Selective Service, whether pursuant to the FTCA or the APA, is barred by the applicable statute of limitations for such claims.  The Court also lacks subject-matter jurisdiction over Plaintiff's claims, and his Complaint should be dismissed for this additional reason.

## VI. Conclusion

For the reasons stated above, I find that Plaintiff's Complaint fails to state a claim upon which relief can be granted and that it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2). I further find that subject matter jurisdiction is lacking and that the Complaint should be dismissed for this additional reason. I so recommend.

This is now the fifth written decision by a judge of this Court addressing Plaintiff's claims. See "Toegemann I, Memorandum and Order of 10/4/94 (Lisi, J.); Arthur J. Toegemann v. Guidance Associated, Inc., et al., CA 08-022 ML ("Toegemann II"), Report and Recommendation of 2/6/08 (Martin, M.J.); Arthur J. Toegemann v. Selective Service United States, CA 09-376 ML ("Toegemann III"), Report and Recommendation of 8/25/09 (Martin, M.J.); the instant matter ("Toegemann IV"); Report and Recommendation (Dkt. #3) of 9/13/11 (Martin, M.J.). Accordingly, I recommend that Plaintiff be prohibited from filing any further complaints regarding these claims without first obtaining permission from a judge of this Court.

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and

of the right to appeal the district court's decision. <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


**/s/ David L. Martin**
DAVID L. MARTIN
United States Magistrate Judge
October 31, 2011